UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                         :

**WILMINGTON PT CORP.,**       :

                         :

                Plaintiff,    :    **MEMORANDUM DECISION AND ORDER**

        **- against -**       :

                         :    19-CV-01675 (AMD) (JO)

**JUDITH GRAY, DANIEL RICKETTS, HYACINTH RICKETTS, BORO FUEL OIL COMPANY, INC., NEW YORK CITY PARKING VIOLATIONS BUREAU AND NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,**      :

                Defendants.   :

-------------------------------------------------------------- X

**ANN M. DONNELLY,** United States District Judge:

      In this action, Wilmington PT Corp. ("Wilmington") seeks to foreclose its mortgage on a property mortgaged by Judith Gray, Daniel Ricketts and Hyacinth Ricketts (together, "the borrower defendants"). (ECF No. 1.) The plaintiff also names as defendants the Boro Fuel Oil Company, Inc. ("Boro"), the New York City Parking Violations Bureau ("NYC Parking") and the New York City Environmental Control Board ("NYC Control Board") based on each entity's status as a creditor of the borrower defendants and/or the subject property. (*Id.* ¶¶ 6-8.) I referred the plaintiff's motion for default judgment of foreclosure and sale to Magistrate Judge Orenstein. On October 22, 2020, Judge Orenstein issued a thoughtful report and recommendation that, as elucidated below, contains both a primary and an alternative recommendation. (*See* ECF No. 29.) For the reasons that follow, I adopt Judge Orenstein's primary recommendation. Accordingly, I deny the plaintiff's motion for default judgment.

## BACKGROUND

The plaintiff filed the complaint on March 25, 2019, and on May 3, 2019, requested a Certificate of Default, which the Clerk of Court entered on May 9, 2019.  (ECF Nos. 1, 14-15.) The plaintiff moved for default judgment of foreclosure and sale on June 12, 2019, and I referred the motion to Judge Orenstein the same day.  (ECF No. 16.)

Judge Orenstein held a hearing on January 24, 2020,[1] during which he pointed out factual discrepancies in the complaint—namely, that although the complaint alleges the plaintiff's compliance with all applicable RPAPL notices and filings (EFC No. 1 ¶ 18), the attached notices and filings contain conflicting information about when required notices were sent.  (*See* ECF No. 1-1 at 44-53; ECF No. 29 at 3-4, 7.)  In particular, the copy of the 1306 filing (which the plaintiff was statutorily required to file with the New York Department of Financial Services) recites that the plaintiff mailed the statutorily required 90-day notice to the individual defendants on December 17, 2018 (ECF No. 1-1 at 51-53), but the attached 90-day notice is dated December 18, 2018.  (ECF No. 1-1 at 44.)  In the complaint, the plaintiff also alleged that the 90-day notice was sent on December 18, 2018.  (ECF No. 1 ¶ 18.)

The plaintiff withdrew the motion for default (*see* ECF No. 20), but instead of filing an amended complaint, the plaintiff filed another motion for default judgement of foreclosure and sale to which "corrected" RPAPL filings were appended.  (*See* ECF No. 21.)  In the memorandum of law accompanying this filing, the plaintiff asked the Court to substitute this second set of attachments for those originally affixed to the complaint *nunc pro tunc*.  (ECF No. 21-2 at 7.)  I referred the second motion for default to Judge Orenstein on June 1, 2020.  During

---

[1] None of the defendants appeared at the hearing.  (ECF No. 19.)

a July 10, 2020 hearing, Judge Orenstein suggested that the plaintiff could simply file an amended complaint and correct the mistake.  (ECF No. 26.)  The plaintiff declined.  (*Id.*)

In his report and recommendation, Judge Orenstein recommends that I deny the plaintiff's motion because "the [c]omplaint does not adequately plead that Wilmington has complied with the requirements for foreclosure under [RPAPL]."  (ECF No. 29 at 1, 13.)  In the event that I disagreed with his analysis, Judge Orenstein also proposed "alternative recommendations:" grant Wilmington's motion as to the three borrower defendants and order foreclosure and sale of the subject property as well as damages in the amount of $189,378.24; grant the motion against Boro and enter the requested declaratory relief; and deny the motion as to NYC Parking and the NYC Control Board and dismiss the claims against them without prejudice.  (*Id.* at 13-14.)

The plaintiff timely filed an objection.  (ECF No. 30.)  The defendants submitted no response, and as the docket reflects, have not appeared in this action at all.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the [r]eport and [r]ecommendation only for clear error."  *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, 96-cv-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)) (internal quotation marks omitted).  The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition."  Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted).  Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

## DISCUSSION

The plaintiff objects to Judge Orenstein's finding that the complaint does not plead adequately the plaintiff's compliance with applicable RPAPL requirements.[2]  (ECF No. 30 at 1.) RPAPL section 1304(1) requires "a lender, an assignee or a mortgage loan servicer" to provide a notice to the borrower containing specified information at least ninety days before bringing a legal action against them.  This notice is a "condition precedent to commencing a foreclosure proceeding."  § 1304(3).  Further, RPAPL section 1302(1)(b) requires that the complaint "contain an affirmative allegation that at the time the proceeding is commenced, the plaintiff . . . has complied with all of the provisions of . . . section [1304]."  RPAPL section 1306(1) similarly provides that as a "condition precedent" to any foreclosure action, the complaint include "an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with the provisions of this section"—*i.e.*, filed the information required by section 1306 with the New York State Department of Financial Services.  In its objection, the plaintiff neither refutes

---

[2] The plaintiff does not object to Judge Orenstein's alternative recommendations.  (ECF No. 30 at 1.)

that these provisions lay out a strict compliance requirement, nor denies that it was required to plead compliance therewith.  (*See* ECF No. 30.)  The plaintiff also concedes the discrepancy in its pleading.  (*Id.* at 1-2.)  Nevertheless, the plaintiff argues that its submissions establish compliance with section 1304 and that it "substantially complied" with section 1306.  (ECF No. 30 at 2-3.)  Further, according to the plaintiff, because the section 1306 filing is "solely for statistical informational purposes to the state," the error in the filing works no prejudice to the defendants.  (*Id.*)

The Court agrees that the complaint adequately alleges the plaintiff's compliance with RPAPL section 1304—as established by the 90-day letter attached to the complaint and the USPS tracking numbers displayed thereon.  (ECF No. 1-1 at 44-50.)  However, the complaint does not adequately allege compliance with section 1306.  "When a default is entered, the plaintiff is 'not entitled to a default judgment as a matter of right; rather the entry of default judgment is entrusted to the sound judicial discretion of the court.'"  *NorGuard Ins. Co. v. Lopez*, No. 15-CV-5032, 2017 WL 354209, at *15 (E.D.N.Y. Jan. 24, 2017) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)).  In exercising this discretion, the Court "accepts as true all well-pleaded factual allegations in the complaint."  *Hop Hing Produces Inc. v. Lin Zhang Trading Co.*, No. 11-CV-03259, 2013 WL 3990761, at *3 (E.D.N.Y. Aug. 5, 2013).  But "[a] fact is not well-pleaded if it is inconsistent with other allegations in the complaint or with other facts of which the court can take judicial notice."  *Id.* (internal quotation marks omitted).  The complaint contains an allegation that the "[p]laintiff has complied with the registration requirements of RPAPL 1306(1)."  (ECF No. 1 ¶ 18.)  The appended 1306(1) filings assert that as of December 17, 2018, the 90-day notices had been sent to the borrower defendants.  (ECF No. 1-1 at 51-53.)  This is belied, however, by allegations in the complaint and the appended 90-

5

day notice.  (ECF No. 1 ¶ 18 ("The 90-day notice . . . was issued on December 18, 2018"); ECF No. 1-1 at 44-50.)  By virtue of this error, it is unclear that the 1306 filing conformed to the statutory requirements.  Moreover, the internal inconsistency renders the assertion of compliance not well-pleaded.

The foregoing stands even in light of the inaccuracies the plaintiff identifies in the report and recommendation.  As the plaintiff is quick to point out, there may be two typographical errors in the report and recommendation: the statement that "Wilmington's Complaint purports to allege . . . that Wilmington mailed the Section 1306 notices to the Borrowers on December 18, 2018" (ECF No. 30 at 2 (citing ECF No. 29 at 7)), and that "Wilmington contends that [replacing the originally-submitted 1306 filings with the later-submitted ones *nunc pro tunc*] will not prejudice the defendants because RPAPL § 1306 merely requires providing information to the Borrowers . . . ."  (ECF No. 30 at 2-3 (citing ECF No. 29 at 8).)  It is true that the statutory scheme requires that the 1306 filing be made with a state entity, not sent to the borrower.  *See* RPAPL § 1306.  But these errors do not resolve or undo the internal inconsistency in the plaintiff's pleading, an inconsistency that, as explained above, renders a necessary allegation not well-pleaded.

Nor am I persuaded by the plaintiff's assertion that substituting the later-submitted 1306 filings *nunc pro tunc* will not prejudice the defendants.  On this point, I adopt the reasoning outlined in the report.  (*See* ECF No. 29 at 8-10.)

I have carefully reviewed the rest of Judge Orenstein's well-reasoned report for clear error, and find none.

**CONCLUSION**

For the reasons stated above, I adopt the primary recommendation in Judge Orenstein's report and recommendation.  The plaintiff's motion for default judgment against the defendants is denied.  The plaintiff is directed to file an amended complaint within 30 days of this Order.

**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
          December 11, 2020