UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**WILMINGTON PT CORP.**,                                     :
                                                             :
                  Plaintiff,    :
                                                             :  **MEMORANDUM DECISION AND**
         – against –                                  :  **ORDER**
                                                             :
                                                             :  19-CV-1675 (AMD) (TAM)
**JUDITH GRAY** and **BORO FUEL OIL**                        :
**COMPANY INC.**,                                            :
                                                             :
                                                             :
                  Defendants.   :
                                                             :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

       On March 25, 2019, the plaintiff filed this mortgage foreclosure action against the defendants. Before the Court is the plaintiff's motion for summary judgment. For the reasons that follow, the plaintiff's motion is granted in part and denied in part.

## BACKGROUND

**I.    The Loan, Mortgage, and Default**

       On May 31, 2006, the defendant — along with others[1] — executed and delivered a $99,000.00 mortgage and note to Alliance Mortgage Banking Corp. (ECF No. 63-7, Plaintiff's 56.1 Statement ("Pl. 56.1") ¶¶ 2, 3; ECF No. 32-1 at 6–14 (the mortgage), 16–21 (the note and

---

[1] The original complaint also named Daniel Ricketts, Hyacinth Ricketts, the New York City Parking Violations Bureau, and the New York City Environmental Control Board as defendants. (ECF No. 1.) The amended complaint did not name the New York City agencies as defendants, and the plaintiff voluntarily dismissed the claims against Daniel and Hyacinth Ricketts once it discovered that they had died while the case was pending. (ECF Nos. 37, 38; *see also* ECF No. 64 ¶ 6.) As a result, the only remaining defendants are Judith Gray, a borrower on the mortgage, and Boro Fuel Oil Company, Inc., a lienholder. Defendant Gray explains that she purchased the property with her mother, Hyacinth Ricketts, and Ms. Ricketts's husband, Daniel Ricketts, in 2006. (ECF No. 64 ¶ 3.) Because the Ricketts are no longer defendants and because there are no allegations that their conduct was any different than Ms. Gray's, the Court refers to Ms. Gray as the defendant throughout.

accompanying allonges); ECF No. 63-1, Affidavit of John Ramer ("Ramer Aff.") ¶ 6.) The mortgage was recorded in the Kings County Clerk's Office and issued against the property located at 1505 E. 48th Street, Brooklyn, New York (the "Property"). (ECF No. 32-1 at 6–14; ECF No. 32 ¶ 10.) The mortgage was assigned to the plaintiff by an assignment of mortgage on September 18, 2018, which was recorded in the Kings County Clerk's Office on October 15, 2018. (ECF No. 32 ¶ 12; ECF No. 32-1 at 40–42; Ramer Aff. ¶ 8.) The note was transferred to the plaintiff by affixing the proper endorsement and allonges. (ECF No. 32 ¶ 12; ECF No. 32-1 at 21; Ramer Aff. ¶ 8.)

In June 2013, the defendant stopped making mortgage payments, thus defaulting on the obligation. (ECF No. 32 ¶ 15; Ramer Aff. ¶ 10.) On December 18, 2018, the plaintiff's counsel mailed 90-day and default notices to the defendant — as required by New York law and the mortgage, respectively — which informed the defendant that she was in default, that she had 30 days to dispute the validity of the debt, and that failure to take action to resolve the matter within 90 days might result in the initiation of legal action against her. (Pl. 56.1 ¶¶ 4–6; ECF No. 32 ¶ 16; Ramer Aff. ¶ 12; ECF No. 63-5, Affidavit of Gina Votta ("Votta Aff."), ¶¶ 15–21; *id.* at 12–15 (90-day notice); *id.* at 25–27 (default notice).) The plaintiff also filed the required information with the Superintendent of the Department of Financial Services ("DFS"). (Ramer Aff. at 62 (proof of filing statement).) But while the notices — including those required by New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 and the mortgage agreement — were mailed on December 18, 2018, the proof of filing states that they were mailed on December 17, 2018, which is the same day the DFS system recorded the filing. (*Id.*)

The defendant did not cure the default after receiving these notices. (Def. 56.1 ¶ 6.)

2

## II.     Procedural History

The plaintiff initiated this foreclosure action on March 25, 2019.  (Def. 56.1 ¶ 7; ECF No. 1.)  When the defendants did not appear, the plaintiff requested a certificate of default, which the Clerk entered on May 9, 2019.  (ECF Nos. 14, 15.)  The plaintiff moved for a default judgment on June 12, 2019, and the Court referred the motion to Magistrate Judge James Orenstein.  (ECF No. 16.)  Judge Orenstein held a hearing at which he pointed out the apparent inconsistency between the dates of the mailing of notices and proof of filing.  (ECF No. 29 at 3.)  The plaintiff withdrew its first motion for default judgment, but instead of filing an amended complaint, renewed its motion for default judgment on May 27, 2020.  (ECF No. 21.)  In that motion and the supporting materials, the plaintiff explained that the date on the proof of filing that was attached to the first motion for default judgment and the original complaint "was entered in error."  (ECF No. 21-2 at 7; *see also* ECF No. 21-1 ¶ 8 ("Due to a typographical error, the original RPAPL §1306 filing noted that the date the RPAPL §1304 Notices were mailed was December 17, 2018, rather than December 18, 2018.").)  The plaintiff stated that it had "updated the RPAPL §1306 filing to reflect the December 18, 2018 date of mailing of the RPAPL §1304 Notices."  (ECF No. 21-1 ¶ 8.)  The plaintiff asked the Court to substitute, *nunc pro tunc*, the new proof of filing statement.  (*Id.*)  However, while the new proof of filing statement now recorded that the notices were mailed on December 18, 2018, the date of filing read May 26, 2020 — one day before the plaintiff filed its motion for default judgment.  (ECF No. 21-7 at 2.)

The Court referred that motion to Judge Orenstein on June 1, 2020.  (*ECF Order dated June 1, 2020*.)  Once again, Judge Orenstein raised his concerns that the materials supporting the motion did not cure the pleading defect because the plaintiff's materials did not show that it complied with the statutory requirements, as the plaintiff alleged it did in the complaint.  (ECF

3

No. 29 at 4.)  Judge Orenstein offered the plaintiff an opportunity to amend the complaint to address that issue.  (*Id.*)  The plaintiff declined the invitation.  (*Id.*)

On October 22, 2020, Judge Orenstein issued a report and recommendation, recommending that the Court deny the motion without prejudice because "the Complaint [did] not adequately plead that Wilmington [had] complied with the requirements for foreclosure under [RPAPL]."  (*Id.* at 1.)  Judge Orenstein explained that the plaintiff had properly shown standing by "attach[ing] the Note and allonge to the Complaint[]" (*id.* at 6), and had "adequately [pled] each element of foreclosure: it establish[ed] the existence of a debt (the Note), secured by the Mortgage, and Borrowers' default of their obligation to pay the debt" (*id.* at 6–7).  But Judge Orenstein found that the complaint did not demonstrate compliance with the relevant RPAPL provisions because of the discrepancy between the mailing date of the § 1304 notices and the proof of filing date pursuant to § 1306.  (*Id.* at 7.)

The plaintiff objected to Judge Orenstein's finding that the complaint did not plead adequately the plaintiff's compliance with applicable RPAPL requirements.  (ECF No. 30 at 1.) On December 11, 2020, the Court adopted Judge Orenstein's report and recommendation, explaining that while "the complaint adequately allege[d] the plaintiff's compliance with RPAPL section 1304 — as established by the 90-day letter attached to the complaint and the USPS tracking numbers displayed thereon," it did "not adequately allege compliance with section 1306."  (ECF No. 31 at 5.)  The Court directed the plaintiff to file an amended complaint to correct these deficiencies.  (*Id.* at 7.)

The plaintiff filed an amended complaint on January 11, 2021.  (ECF No. 32.)  The defendants answered on May 10, 2022.  (ECF No. 46.)  After various attempts to settle this matter, the plaintiff moved for summary judgment.  The defendant opposes.

4

**LEGAL STANDARD**

Summary judgment is appropriate if the parties' submissions — including pleadings, deposition transcripts, affidavits, and other material in the record — show that there is "no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant has the burden of demonstrating that no material fact is genuinely in dispute. *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020). Summary judgment is appropriate only if "on the record presented, considered in the light most favorable to the non-moving party, no reasonable fact-finder could find in its favor." *Roberts v. Genting New York LLC*, 68 F.4th 81, 88 (2d Cir. 2023) (alterations adopted) (quoting *Capobianco v. City of New York*, 422 F.3d 47, 54–55 (2d Cir. 2005)).

A plaintiff challenging the sufficiency of an affirmative defense on summary judgment "may satisfy its burden by pointing to an absence of evidence to support an essential element of the affirmative defense." *CIT Bank, N.A. v. Zisman*, No. 17-CV-2126, 2020 WL 8081939, at *2 (E.D.N.Y. Apr. 8, 2020) (citing *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994)). And if a plaintiff shows that its "motion for summary judgment would be meritorious absent the assertion of an affirmative defense, in order to avoid summary judgment, the defendant must adduce evidence which, viewed in the light most favorable to and drawing all reasonable inferences in favor of it, would permit judgment for it on the basis of that defense." *Navigator Bus. Servs. LLC v. Chen*, No. 20-CV-6159, 2023 WL 5956335, at *3 (E.D.N.Y. Sept. 13, 2023).

**DISCUSSION**

"Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a

5

default on that obligation by the debtor; and (3) notice to the debtor of that default." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019) (quoting *United States v. Paugh*, 332 F.Supp.2d 679, 680 (S.D.N.Y. 2004)); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (summary order) ("[A] lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt.").

"Summary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." *Wilmington PT Corp. v. Khalil*, No. 19-CV-1557, 2021 WL 12201456, at *2 (E.D.N.Y. Mar. 26, 2021) (alteration adopted) (quoting *Builders Bank v. Charm Devs. II, LLC*, No. 09-CV-3935, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010); *see also PNC Bank, Nat. Ass'n v. Klein*, 5 N.Y.S.3d 439, 441 (2d Dept. 2015) ("Generally, a plaintiff in a mortgage foreclosure action is entitled to summary judgment if it establishes the existence of a mortgage, an unpaid note, and the defendant's default, and the defendant fails to raise a triable issue of fact in opposition."). "Once a mortgagee's *prima facie* case is established, the mortgagor must make an affirmative showing that a defense to the action exists." *Hoyer*, 362 F. Supp. 3d at 80 (quoting *Builders Bank*, 2010 WL 3463142, at *2) (internal quotation marks omitted).

The defendant raised six affirmative defenses in her answer. She contested the plaintiff's standing (ECF No. 46 ¶¶ 24–29 (first affirmative defense)), the plaintiff's compliance with notice and filing requirements — both pursuant to the RPAPL and the mortgage contract — (*id.* ¶¶ 30–50 (second, third, fourth and fifth affirmative defenses)), and the plaintiff's ability to proceed with this action without joining a necessary party (*id.* ¶¶ 51–53 (sixth affirmative defense)). The plaintiff moved for summary judgment, arguing that it had established a *prima*

6

*facie* case and that the defendant's affirmative defenses should be stricken. (*See* ECF No. 63-8.) The defendant opposed the motion, arguing that the plaintiff had not shown its entitlement to relief and that the plaintiff did not comply with the notice and filing requirements of Sections 1303, 1304, and 1306 of the RPAPL — thereby supporting her second, third, and fourth affirmative defenses, respectively. (*See* ECF No. 64-2.)[2]

## III.   The Plaintiff's *Prima Facie* Case

The plaintiff established a *prima facie* case for foreclosure under New York law. First, there is no genuine dispute that there is an obligation secured by a mortgage. The plaintiff produced the mortgage and accompanying note, which demonstrates the obligation. (ECF No. 32-1 at 6–14, 16–21; Ramer Aff. ¶ 6); *see Builders Bank*, 2010 WL 3463142, at *2 (producing the "mortgages and accompanying notes" is sufficient proof of the obligation). The defendant does not dispute the obligation or that the obligation was owed to the plaintiff. (ECF No. 46 ¶¶ 3, 12 (admitting that the defendant executed the note and mortgage and stating that she "lacks knowledge and information sufficient to form a belief as to the truth of the allegations" that the

---

[2] The defendant does not oppose the plaintiff's motion to strike the first, fifth, or sixth affirmative defenses. Accordingly, the defendant has abandoned those defenses, and the plaintiff's motion to strike them is granted. *See, e.g.*, *Windward Bora, LLC v. Regalado*, No. 19-CV-4413, 2024 WL 4333811, at *6 (E.D.N.Y. Sept. 27, 2024) ("The failure to oppose a motion to strike affirmative defenses may render the defenses abandoned."); *Hoyer*, 362 F. Supp. 3d at 85 (observing that the defendant "fail[ed] to address Plaintiff's arguments against the applicability of these [affirmative] defenses — suggesting that these defenses have been abandoned"); *Wilmington PT Corp. v. Danialian*, No. 19-CV-1972, 2023 WL 2632499, at *3 n.3 (E.D.N.Y. Mar. 24, 2023) (granting the plaintiff's motion to strike affirmative defenses where the "Defendants have not addressed or made any arguments in opposition to Plaintiff's motion with respect to [those defenses]"). To the extent that standing is not a defense that may be abandoned, the plaintiff has established standing by attaching the note, with allonges, to the complaint, along with the mortgage and assignments. *See, e.g.*, *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) ("Under New York law, 'a plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" (quoting *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981 (2d Dep't 2015)).

mortgage was transferred to the plaintiff); ECF No. 64-1 ¶¶ 2–3 (admitting the existence of the note and mortgage).)

Second, the plaintiff has established that the defendant defaulted on this obligation. The plaintiff relies on an affidavit submitted by John Ramer, the plaintiff's authorized signatory, to establish the default. (*See* Ramer Aff. ¶ 1.) Ramer affirms that he is "fully familiar with Wilmington's recordkeeping practices," that he has access to all of the plaintiff's business records, including historical records and the records related to the defendant and her note and mortgage, and that he reviewed and examined the relevant records, which are kept and maintained in the regular course of business, in preparing his affidavit. (*Id.* ¶¶ 2–3.) Based on these records, he attests that the defendant breached her obligation on June 1, 2013 because she did not pay the installment due that day, has not paid any subsequent installments and is currently in default. (*Id.* ¶ 10.)

The defendant argues that the Ramer affidavit alone cannot establish the defendant's default because the plaintiff "does not attach any documents" to support Ramer's statement that the defendant defaulted, which makes that statement inadmissible hearsay. (ECF No. 64-2 at 3–4.)[3] Ramer, however, attests that Wilmington created and maintained business records, and that he is familiar with the specific records that are relevant to the defendant's default. The Court "need not resolve whether the documents fall within . . . the business-records exception . . . to the hearsay rule because, in any case, material relied on at summary judgment need not be admissible in the form presented to the district court. Rather, so long as the evidence in question

---

[3] The defendant cites only New York case law to support this argument. But "[t]his action is in federal court, and thus federal procedural and evidentiary rules apply." *Perpall v. Pavetek Corp.*, No. 12-CV-336, 2017 WL 1155764, at *7 (E.D.N.Y. Mar. 27, 2017) (citing *Nasrallah v. Helio De*, No. 96-CV-8727, 1998 WL 152568, at *3, 7 n.4 (S.D.N.Y. Apr. 2, 1998) (Sotomayor, J.) (rejecting defendants' reliance on New York case law and instead applying the Federal Rules of Evidence)).

8

'will be presented in admissible form at trial,' it may be considered on summary judgment." *Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017) (summary order) (quoting *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001) (per curiam)). Ramer's description of the materials upon which he relied for his conclusions demonstrates that the underlying records would be admissible as business records at trial.

Moreover, courts have accepted similar affidavits as proof of default. *See, e.g.*, *Windward Bora, LLC*, 2020 WL 5912392, at *2 (holding that "an affidavit . . . asserting that [the defendant] breached her obligations under the Note, and thereby defaulted on the mortgage" was sufficient to demonstrate the default element of the *prima facie* case); *CIT Bank, N.A. v. Mitchell*, No. 17-CV-1969, 2021 WL 54081, at *3 (E.D.N.Y. Jan. 6, 2021) (holding that "copies of the notice of default, the 90-day pre-foreclosure notice, an affidavit by . . . CIT Bank's Assistant Secretary, and an affirmation by . . . CIT Bank's former attorney, attesting to [the defendant's] default" were sufficient to establish default); *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 415 (E.D.N.Y. 2018) (same).

Additional evidence in the record further establishes that the defendant defaulted. The plaintiff submitted copies of the default notice and the 90-day pre-foreclosure notice along with proof that the plaintiff mailed both notices to the defendant. (*See* Votta Aff. ¶¶ 15–21; *id.* at 12–15 (90-day notice); *id.* at 25–27 (default notice).) The defendant does not deny that she received these documents and does not maintain that she cured the default. (*See* ECF No. 64-1 ¶ 6 (admitting that the defendant "failed to cure the[] default under the Note and Mortgage since the transmittal of the Default Notice and 90 Day Notice pursuant to RPAPL §1304").) The evidence of the defendant's default is therefore uncontroverted and sufficient. *See Avail Holding, LLC v. Nanda*, No. 15-CV-486, 2017 WL 9485717, at *3–4 (E.D.N.Y. Jan. 11, 2017) ("Plaintiffs have

9

submitted the Note, the Mortgage, the 30-Day and 90-Day Notices of Default, and the Affidavit of [the manager of Avail Holding, LLC], confirming the default. . . . Though a defendant may deny being in default and/or deny that a mortgage is accelerated and due in light of its default, summary judgment is nevertheless appropriate when a defendant admits that it has failed to make required payments and provides the court with no evidentiary basis demonstrating compliance with the terms of the mortgage at issue."), *report and recommendation adopted*, 2017 WL 543206 (E.D.N.Y. Feb. 10, 2017).

Finally, the plaintiff established the notice requirement by producing the 90-day and default notices that it sent to the defendant by certified and first-class mail.

Accordingly, the plaintiff has established a *prima facie* foreclosure claim and summary judgment would be appropriate unless the defendant can show that she is entitled to an affirmative defense.

### IV. Affirmative Defenses

The defendant presses three affirmative defenses, all centering on her claim that the plaintiff did not comply with the RPAPL's notice and filing provisions. Because the plaintiff has established that it is entitled to summary judgment absent an applicable affirmative defense, "the defendant must adduce evidence which, viewed in the light most favorable to and drawing all reasonable inferences in favor of it, would permit judgment for it on the basis of that defense." *Navigator Bus. Servs. LLC*, 2023 WL 5956335, at *3.

#### a. RPAPL § 1303

Section 1303 "requires the foreclosing party to deliver, along with the summons and complaint, a notice titled 'Help for Homeowners in Foreclosure.'" *PNC Bank, Nat'l Ass'n v. Mone*, 231 A.D.3d 977, 978 (2d Dep't 2024) (quoting *US Bank Nat'l Ass'n v. Bamba*, 189 A.D.3d 1116, 1116–17 (2d Dep't 2020)). The notice must include "specific language relating to

the summons and complaint, sources of information and assistance, rights and obligations, and foreclosure rescue scams." *Id.* at 979. Additionally, the notice must "be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint," and "the title of the notice be in bold, 20-point type." *Id.* "Proper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint." *HSBC Mortg. Corp. USA v. Tehrani*, 229 A.D.3d 772, 777 (2d Dep't 2024) (quoting *E. Sav. Bank, FSB v. Tromba*, 148 A.D.3d 675, 676 (2d Dep't 2017)).

The plaintiff has established that it complied with § 1303. The plaintiff submitted an affidavit of service, which shows that it served the defendant with documents consistent that satisfy § 1303. *See, e.g.*, *HSBC Mortg. Corp. USA*, 229 A.D.3d at 777. (the plaintiff "established that it complied with RPAPL 1303 by submitting an affidavit of a process server, who stated that she had served the RPAPL 1303 notice on the defendant, printed on colored paper"); *PNC Bank, Nat'l Ass'n*, 231 A.D.3d at 979 ("Contrary to the defendant's contention, the plaintiff demonstrated, *prima facie*, its compliance with RPAPL 1303 by submitting an affidavit of service in which the process server attested that he served the defendant with the summons and complaint and notice of pendency, along with a notice printed on colored paper that was other than the color of the summons and complaint and in the required typeface.")

The defendant first argues that the plaintiff has not shown compliance with § 1303 because it did not submit copies of the relevant documents with its affidavit (ECF No. 64-2 at 8–9), but the case law she cites does not support her argument.[4] Indeed, courts have rejected this

---

[4] The defendant's reliance on *US Bank National Association v. Bamba*, 189 A.D.3d 1116 (2d Dep't 2020) is misplaced. In that case, the Second Department held that the mortgagor-plaintiff had not demonstrated compliance with § 1303 because it did not "submit a copy of the RPAPL 1303 notice that was served upon the defendant, *and* the process server's affidavit of service did not indicate that the

11

claim. *See, e.g.*, *Mone*, 231 A.D.3d at 978 (affidavit of service of may demonstrate compliance with § 1303); *CitiMortgage, Inc. v. Goldberg*, 197 A.D.3d 616, 619 (2d Dep't 2021) (same). Second, the defendant contends that the affidavit is insufficient because it does not state that the notice was in 14-point font. (ECF No. 64-2 at 8.) The record refutes this claim. The affidavit of service reads in relevant part: "On 01/19/2021 at 7:41 PM, I served the within 1303 NOTICE-Help for Homeowners in Foreclosure in bold fourteen-point type and printed on colored paper, that is other than the color of the summons and amended verified complaint, and the title of the notice printed in bold twenty-point type in compliance with RPAPL Sect 1303 . . . on Judith Gray." (ECF No. 63-6.) This affidavit is clearly sufficient.

Accordingly, the plaintiff complied with § 1303.

### b. RPAPL § 1304

RPAPL § 1304(1) requires that:

> with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower.

N.Y. Real Prop. Acts. Law § 1304(1). Under § 1304(2), the notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." *Id.* § 1304(2). "Proper service of RPAPL 1304

---

notice served complied with all of the requirements of RPAPL 1303, including the proper typeface." *Id.* at 1117 (emphasis added); *see also Flagstar Bank, FSB v. Hart*, 184 A.D.3d 626, 628 (2d Dep't 2020) (the plaintiff did not demonstrate compliance with § 1303 where it "did not submit a copy of the RPAPL 1303 notice allegedly served, and the process server made no averments that the notice served complied with the requirements of RPAPL 1303 concerning content and form"). Contrary to the defendant's reading of *Bamba* and similar case law — and consistent with the weight of the case law in the Second Department — an affidavit that attests that the notice complied with § 1303 is sufficient, as would be copies of the as-served documents. However, when the process server files an affidavit stating that the documents he served complied with the statutory requirements, as the server did in this case, the mortgagor does not also have to submit the documents themselves to establish *prima facie* compliance with § 1303.

notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (quoting *Deutsche Bank Nat'l Tr. Co. v. Spanos*, 102 A.D.3d 909, 910 (2d Dep't 2013)) (internal quotation marks omitted).  The plaintiff has an "affirmative obligation to establish strict compliance with RPAPL § 1304 regardless of the adequacy of [the] [d]efendant['s] briefing." *Hoyer*, 362 F. Supp. 3d at 83.  The plaintiff can establish compliance "with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Schiffman*, 948 F.3d at 533 (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 21 (2d Dep't 2019)) (internal quotation marks omitted).

In this case, the plaintiff submits all of the above: receipts of mailing, proof of a standard mailing procedure, an attestation that these procedures were followed in this case, and an affidavit of mailing.  (*See* Votta Aff. ¶¶ 3–23; *id.* at 17 (certified mail receipt); *id.* at 19 (domestic return receipt); *id.* at 21 (affidavit of mailing).)

Nevertheless, the defendant contends that the plaintiff has not shown strict compliance with the statute because "the notice cannot be addressed to all of the borrowers/defendants" together.  (ECF No. 64-2 at 5.)  The defendant reasons that the plaintiff has not established that the notice complied with the statute because the 90-day notice lists all three borrowers as addressees.  (*Id.*)  The defendant also argues that the plaintiff has not demonstrated that it sent the 90-day notice to the defendant in a separate envelope, as § 1304 requires.  (*Id.*)

13

Section 1304 requires that "the plaintiff must separately mail a 90-day notice to each borrower as a condition precedent to commencing the foreclosure action." *Wells Fargo Bank, N.A. v. Yapkowitz*, 199 A.D.3d 126, 134 (2d Dep't 2021); *see also Deutsche Bank Nat'l Tr. Co. v. Loayza*, 204 A.D.3d 753, 755 (2d Dep't 2022) (observing that the plaintiff must send a 90-day notice "individually addressed to each defendant in separate envelopes").  The plaintiff submits Gina Votta's sworn affidavit, stating personal knowledge of the standard mailing procedure for generating and mailing notices pursuant to § 1304, and affirming that she followed those procedures in this case.  (*See* Votta Aff. ¶¶ 6–8, 15–23.)  This affidavit is presumptive evidence that the defendant received the notice, a presumption she does not rebut. *See Miss Jones LLC v. Shahid*, No. 17-CV-716, 2022 WL 4642716, at *5 (E.D.N.Y. Sept. 30, 2022) ("[T]o rebut the presumption [of proper mailing in compliance with § 1304], there must be proof of a material deviation from an aspect of the office procedure that would call into doubt whether the notice was properly mailed, impacting the likelihood of delivery to the intended recipient." (quoting *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 556 (2021).)

Whether the plaintiff's 90-day notice is facially deficient because it was addressed to all three borrowers requires additional discussion.  The plaintiff does not dispute that the 90-day notice lists all three borrowers.  Courts have held that "a 90-day notice jointly addressed to [multiple] borrowers d[oes] not comply with RPAPL 1304." *U.S. Bank Nat'l Ass'n v. Maioriello*, 207 A.D.3d 428, (1st Dep't 2022); *see also U.S. Bank Nat'l Ass'n v. Reddy*, 220 A.D.3d 967, 972 (2d Dep't 2023); *HSBC Bank USA, N.A. v. Schneps*, 210 A.D.3d 748, 750 (2d Dep't 2022); *HSBC Bank USA, N.A. v DiBenedetti*, 205 A.D.3d 687, 690 (2d Dep't 2022); *U.S. Bank Nat'l Ass'n v. Krakoff*, 199 A.D.3d 859, 863 (2d Dep't 2021).  However, in these cases, the courts also found other deficiencies in the plaintiffs' § 1304 notices, which would independently

14

defeat the plaintiffs' claims. *See U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Bos. Mortg. Sec. Corp., CSAB Mortg.-Backed Pass-Through Certificates, Series 2006-2 v. Diaz*, 79 Misc. 3d 893, 899 (N.Y. Sup. Ct. 2023) (summarizing cases). Moreover, it is unclear whether this case law requires only that the envelope not be addressed to multiple borrowers, or also that the face of the 90-day notice itself not list multiple borrowers as recipients or addressees. *See, e.g. Deutsche Bank Nat'l Tr. Co. v. Loayza*, 204 A.D.3d 753, 755 (2d Dep't 2022) (denying summary judgment where "the plaintiff failed to establish that it sent a 90-day notice individually addressed to each defendant in separate envelopes").

Based on its review of the record, the Court is persuaded that the plaintiff strictly complied with § 1304 by mailing an individually addressed envelope to the defendant with a 90-day notice that listed each borrower's name and address under the salutation, "Dear Borrower(s)." (*See* Votto Aff. at 12.) In reaching this conclusion, the Court is guided by *Bank of America, N.A. v. Kessler*, 39 N.Y.3d 317 (2023), in which the New York Court of Appeals held that "that section 1304 does not prohibit the inclusion of additional information that may help borrowers avoid foreclosure and is not false or misleading." *Id.* at 328. The Court cited *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550 (2021), which "adopted 'a workable rule that balances the practical considerations underpinning the presumption established by proof of a sender's routine business practice . . . against the need to ensure the reliability of that practice in the context of notices mailed pursuant to section 1304.'" *Kessler*, 39 N.Y.3d at 328 (quoting *Schiffman*, 36 N.Y.3d at 558). According to *Kessler*, courts must find "a workable rule that balances the practical considerations of the lender and borrower in a way that best advances the clear statutory purpose." *Id.*; *see also Windward Bora, LLC v. Sotomayor*, No. 21-CV-7161, 2023 WL 2575582, at *5 (S.D.N.Y. Mar. 20, 2023) (observing the Court of Appeals' holding

15

"that § 1304 does not create a bright line rule" invalidating notices with "any additional material or information whatsoever"), *aff'd*, 113 F.4th 236 (2d Cir. 2024).

Under these circumstances, in view of the plaintiff's otherwise strict compliance with § 1304 and because the defendant has not argued that the claimed deficiency defeated the statute's purpose, the Court holds that merely listing the names of co-borrowers on a 90-day notice that otherwise complies with § 1304 and is individually addressed and mailed to each borrower does not defeat a plaintiff's foreclosure action.

### c. RPAPL § 1306

RPAPL § 1306 "requires that a foreclosure plaintiff file certain information, within three business days of mailing a § 1304 notice, with a state regulator, the Superintendent of Financial Services." *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 117 (2d Cir. 2021) (citing N.Y. Real Prop. Acts. Law § 1306(1)). "'A proof of filing statement from the New York State Department of Financial Services is sufficient to establish' that a plaintiff filed with the superintendent." *Blue Castle (Cayman) Ltd. v. Yee*, No. 23-CV-1724, 2024 WL 4485498, at *3 (E.D.N.Y. Feb. 20, 2024) (quoting *MTGLQ Invs., L.P. v. Assim*, 209 A.D.3d 1006, 1008 (2nd Dep't 2022)*, report and recommendation adopted,* No. 23-CV-1724, 2024 WL 4344788 (E.D.N.Y. Sept. 30, 2024). But proof of filing is not enough; "[a] plaintiff must also show that the filing statement is timely relative to the date of § 1304 notice mailing." *Id.* (quoting *PROF-2013-S3 Legal Title Tr. V v. Johnson*, 214 A.D.3d 745, 747 (2nd Dep't 2023)). Compliance with § 1306 is a "precondition of a foreclosure action." *Schiffman*, 948 F.3d at 535 (2d Cir. 2021). Accordingly, noncompliance with this provision "is sufficient to deny foreclosure." *Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664, 2022 WL 18299810, at *3 (E.D.N.Y. Mar. 11, 2022)*, report and recommendation adopted,* 2022 WL 4445399 (E.D.N.Y. Sept. 23, 2022).

16

Because the plaintiff has not submitted evidence from which the Court may conclude that the plaintiff filed the necessary documentation within three business days of mailing the § 1304 notices, the plaintiff has not established as a matter of law that it complied with § 1306.

The plaintiff submitted certain filing statements in an effort to show compliance with § 1306, but none are sufficient. The most recent statement, which is attached to the materials the plaintiff submitted in support of this motion, states that the "Mailing Date" for the § 1304 notice is December 18, 2018. (*See* Ramer Aff. at 62; Votto Aff. at 23.) However, the "Filing Date" is May 26, 2020 (*see id.*) — which plainly exceeds the statute's three-day window. The plaintiff says this is not significant, because the May 2020 date was populated automatically when the plaintiff amended the proof of filing statement "to correct the typographical error" that stated the 1304 notice was mailed on December 17th instead of December 18th. (ECF No. 65 at 8.)

But nothing in the record demonstrates that the plaintiff filed the required material within three days of December 18, 2018, the date on which everyone agrees that the § 1304 notice was mailed. The Court has before it two proof of filing statements: one says that the plaintiff filed on December 17, 2018; another says that the plaintiff filed on May 26, 2020. Neither record states that the plaintiff made the required filing on December 18, 19, 20, or 21, 2018. Indeed, if anything, the documentary evidence points to the opposite conclusion — that the plaintiff did not comply with the requirements of § 1306 by filing the required information within three days of mailing. For that reason alone, the Court cannot hold, as a matter of law, that the plaintiff complied with § 1306. *See, e.g.*, *Johnson*, 214 A.D.3d at 747 ("[I]n the absence of evidence establishing when the plaintiff mailed the notices required by RPAPL 1304, the plaintiff could not establish, as a matter of law, that it complied with the requirement of RPAPL 1306 to file

17

with the superintendent of financial services within three business days of the mailing of the notice required by RPAPL 1304.").[5]

Nor does the plaintiff provide any other evidence from which the Court may conclude — or even surmise — that the filing was timely. For example, while Votta attests that "[t]he Proof of Filing Statement pursuant to RPAPL §1306 was completed with the New York State Department of Financial Services" (Votto Aff. ¶ 22), the affidavit does not say when the filing happened or who was responsible for filing it. Similarly, Ramer affirms based on a review of the plaintiff's records that the § 1304 notice was mailed on December 18, 2018. (Ramer Aff. ¶ 12.) However, regarding the § 1306 filing, he states only that the plaintiff "authorized . . . counsel to complete the Proof of Filing Statement pursuant to RPAPL §1306." (*Id.* ¶ 13.) The plaintiff's inability to attest to the date of its purported compliance confirms that summary judgment is inappropriate on this record.[6]

---

[5] The Court is unpersuaded by the plaintiff's remaining arguments. First, the plaintiff is incorrect that "the condition precedent required by RPAPL §1306 is merely to place an affirmative statement in the Complaint asserting that plaintiff has made the RPAPL §1306 filing electronically with the Department of Financial Services." (ECF No. 63-8 at 13.) Although the statute frames the requirement within the context of a pleading, courts have consistently understood that § 1306 creates a substantive prerequisite to a foreclosure action. *See, e.g.*, *Brown v. Amarante*, No. 23-CV-3514, 2024 WL 4716364, at *12 (S.D.N.Y. Nov. 8, 2024) ("Like RPAPL § 1304, § 1306 is a condition precedent to a foreclosure action."); *Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664, 2022 WL 4445399, at *4 (E.D.N.Y. Sept. 23, 2022) (collecting cases). Second, it is of no moment that § 1306 is "meant for informational purposes only." (ECF No. 65 at 7.) If "the condition sought to be disregarded is a mandatory condition precedent, the plaintiff's failure to comply cannot be disregarded." *Yee*, 2024 WL 4485498, at *4 (quoting *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 106 (2d Dep't 2011), *abrogated on other grounds by Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17 (2019)). Timely filing in compliance with § 1306 is a "mandatory condition precedent" that "cannot be deemed a minor irregularity which can be overlooked." *TD Bank, N.A v. Oz Leroy*, 121 A.D.3d 1256, 1260 (2d Dep't 2014) (internal quotations omitted).

[6] For the avoidance of doubt, the Court does not grant summary judgment to the defendant on this issue but holds only that there is a genuine dispute of material fact as to whether the filing was perfected within the statutory period provided by § 1306.

18

## CONCLUSION

For these reasons, the plaintiff's motion for summary judgment is granted in part and denied in part.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       March 19, 2025